UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH ANTHONY MCDANIELS,<br><br>Defendant. | CASE NO. CR12-0185JLR<br><br>ORDER |

Before the court is Defendant Joseph Anthony McDaniels's motion for early termination of supervised release. (Mot. (Dkt. # 169).) Plaintiff the United States of America (the "Government") opposes his motion. (Resp. (Dkt. # 171).) United States Probation and Pretrial Services ("Probation") also opposes the motion. (*See* Probation Resp. (Dkt. # 172); *see also* Mot. at 2 (noting response from Probation Officer Kenny James).) The court has considered the parties' submissions, the relevant portions of the record, and the applicable law. Being fully advised, the court DENIES Mr. McDaniels's motion for early termination of supervised release.

ORDER - 1

On January 22, 2013, Mr. McDaniels pleaded guilty to interstate transportation for prostitution, in violation of 18 U.S.C. § 2421. (Judgment (Dkt. # 118) at 1.) The court sentenced Mr. McDaniels to 113 months of imprisonment followed by three years of supervised release. (*Id.* at 2-3.) Mr. McDaniels's period of supervised release began on September 4, 2020 and is set to expire on September 3, 2023. (Probation Resp. at 1; Mot. at 1.) To date, he has violated the terms of his release on two occasions, most recently for "[c]onsuming cocaine, on or about August 15, 2022." (*See* 8/22/22 NCS (Dkt. # 173); *see also* 11/9/21 NCS (Dkt. # 166) (notifying the court that Mr. McDaniels engaged in unapproved work).) He has otherwise "performed relatively well while on supervision" (Resp. at 1), including by completing sex offender treatment in September 2021 (*see* Probation Resp. at 2).

Mr. McDaniels argues that early termination is warranted because he "no longer poses a threat to the community and has done everything asked of him by his probation officer." (*See* Mot. at 1-2.) He notes that his financial and housing situation in Washington is precarious and that he wishes to relocate to Arkansas, where he would be near family members who would provide him access to more affordable housing and "pro-social relationships." (*See id.* at 2.) He contends that "[t]ermination of his supervised release would make this transition much easier." (*Id.*) The Government argues that "the nature of [Mr. McDaniels's] underlying conviction and his criminal history weigh in favor of the continuation of supervised release," and notes that the court previously found that "Mr. McDaniels' criminal and disciplinary history[,] and the potential danger Mr. McDaniels poses to the community," among other reasons, provided

grounds to deny his motion for compassionate release. (*See* Resp. at 1-2 (first citing PSR (Dkt. # 112) ¶¶ 29-46; and then quoting 8/5/20 Order (Dkt. # 159) at 3).) Probation also opposes Mr. McDaniels's motion, in keeping with its policy of opposing early termination for any defendant who, like Mr. McDaniels, has been convicted of a sex offense. (*See* Probation Resp. at 2; Mot. at 2; Resp. at 1.)

After considering the factors set forth in 18 U.S.C. § 3553(a), a court may "terminate a term of supervision . . . at any time after the expiration of one year of supervised release" if such action is warranted by the defendant's conduct and in the interests of justice. *See* 18 U.S.C. § 3583(e)(1). The crime to which Mr. McDaniels pled guilty was very serious, as reflected in the sentence imposed by the court. The court is thus reluctant to undermine that statement by terminating his period of supervised release early. Moreover, although the court is largely encouraged by Mr. McDaniels's performance on supervision, his recent positive drug test is troubling to the court, as is his related decision "to associate with antisocial peers." (*See* 8/22/22 NCS.) If Mr. McDaniels remains on supervised release, Probation can continue to monitor his conduct and provide the necessary resources and support to ensure that he remains crime-free and continues to make positive choices, including with respect to his sobriety and social relationships. Accordingly, on balance, the court finds that Mr. McDaniels's conduct, the interests of justice, and the factors laid out in 18 U.S.C. § 3553(a) do not support early termination.

//

//

ORDER - 3

For the foregoing reasons, the court DENIES Mr. McDaniels's motion for early termination of supervised release (Dkt. # 169).

Dated this 24th day of August, 2022.

*[signature]*

JAMES L. ROBART
United States District Judge